UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| HENRY MOSLEY, JR., | ) |
| Plaintiff, | ) Case No. 1:10-cv-617 |
| v. | ) Honorable Robert Holmes Bell |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |
| _____ | ) |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of the portion of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits at any time before August 22, 2007, his amended onset of disability date. Plaintiff does not seek judicial review of the portion of the Commissioner's decision finding that he was disabled on and after August 22, 2007.

Plaintiff filed his applications for benefits on December 12, 2006, alleging a July 12, 2006 onset of disability.[1]  (A.R. 83-93). His claims were denied on initial review. (A.R. 37-46). Plaintiff, through counsel, sought leave to amend his claims to allege an August 22, 2007 onset of

---

[1]SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, January 2007 is plaintiff's earliest possible entitlement to SSI benefits.

disability.[2]  On August 19, 2008, plaintiff received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 25-36). The ALJ granted plaintiff's motion to amend his alleged onset of disability. At the conclusion of the hearing, the ALJ informed plaintiff and his attorney that he would be issuing a fully favorable decision finding that plaintiff was disabled as of his amended onset of disability date.[3] (A.R. 33-34). On September 22, 2008, the ALJ issued a decision finding that plaintiff was disabled, but his opinion erroneously referred to the original July 2006 onset of disability date rather than plaintiff's amended onset date. (A.R. 20-24). One day later, the ALJ discovered the error and corrected it[4] by issuing an order amending the opinion to reflect his finding that plaintiff was disabled on and after August 22, 2007. (A.R. 11). On May 15, 2010, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

On June 29, 2010, plaintiff filed a *pro se* complaint seeking judicial review of the portion of the Commissioner's decision finding that he was not disabled before his amended onset of disability date. Plaintiff argues: (1) that he should have been found disabled as of July 12, 2006, because he was not aware that his attorney had amended the alleged onset of disability date; and (2) that the Commissioner's decision should be overturned because plaintiff was found to be disabled under a MetLife disability insurance policy. (Plf. Brief at 1, docket # 12). The latter argument is

---

[2]On August 22, 2007, plaintiff had a surgical procedure performed on his left eye which left him legally blind. (A.R. 23, 48, 152, 247-57, 310).

[3]The ALJ noted on the record that the favorable decision had been secured through outstanding legal representation: "Ms. Lee-Kan[i]o[w]ski's done a great job for you here. I'm going to make this a favorable decision. Now, you just stay in touch with her." (A.R. 34).

[4]Social security regulations authorize ALJs to correct such clerical errors. *See* 20 C.F.R. §§ 20 C.F.R. §§ 404.955(c), 416.1455(c).

based on evidence that plaintiff never presented to the ALJ. (docket # 1-2 at ID # 9; docket # 12-1 at ID # 393)  The newly proffered evidence must be addressed as an implicit request for remand to the Commissioner under sentence six of 42 U.S.C. § 405(g), because that is the only context in which the court can consider such evidence.  Upon review, I recommend that plaintiff's motion to remand this case to the Commissioner under sentence six of section 405(g) be denied.  I further recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).  The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ."  42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within

which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act and that he had not engaged in substantial gainful activity. Plaintiff had severe impairments involving his left and right rotator cuffs and post-surgical loss of visual acuity. The ALJ found that plaintiff was disabled on and after August 22, 2007, because he met or equaled the requirements of Listing 2.02 for loss of visual acuity. (A.R. 11, 20-24).

**1.**

Plaintiff asks the court to overturn the Commissioner's decision based on evidence that was never presented to the ALJ. The proffered evidence is a June 16, 2010 letter from MetLife stating that it found that plaintiff was entitled to disability benefits under "his employer's Disability

Plan with MetLife." (docket # 1-2 at ID # 9; docket # 12-1 at ID # 393). Where, as here, the Appeals Council denies review, the court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court is not authorized to consider plaintiff's proposed addition to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996). The issue, therefore, is whether plaintiff is entitled to a remand so that the ALJ can consider this evidence.

"A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It can only consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence he now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d

at 483; *see also Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

Plaintiff's proffered evidence is "new" because it was created twenty-one months after the ALJ's decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483-84. "Good cause" is not established solely because the new evidence was generated after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966. Plaintiff has not addressed, much less carried, his burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276; *Foster*, 279 F.3d at 357. The issue of whether a claimant is disabled under the Social Security Act is reserved to the Commissioner:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. §§ 404.1504, 416.904. An insurance company's finding that an insured is disabled may be considered, but it is not binding on the Commissioner. *Id.*; *see Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 6-7 (SSA Aug. 9, 2006)). Because an

insurance company may apply different rules and standards, the relevance of a finding of disability under an insurance policy may be limited. *See* 2006 WL 2329939, at * 7. Plaintiff provides no evidence regarding the insurance policy's standards.[5] The proffered one-page letter containing the insurance company's bare conclusion that plaintiff was found to be disabled under its policy would not have reasonably persuaded the Commissioner to reach a conclusion finding plaintiff disabled at any time before his amended onset of disability date.

I find that plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. His request for a sentence six remand should be denied because he has not carried his statutory burden. His arguments must be addressed on the record presented to the ALJ.

**2.**

Plaintiff argues that he should have been found disabled as of his original onset of disability date rather than the amended onset date, because his attorney amended the onset date without his knowledge. I find that the administrative record establishes that plaintiff had knowledge of the amendment, and that he abandoned any claim that he was disabled before August 22, 2007.

Plaintiff initially claimed a July 12, 2006 onset of disability. On July 2, 2008, he appointed Attorney Deanna Lee-Kaniowski of the Weisberg & Walkon law firm to represent him

---

[5] A June 2008 letter from a physician to MetLife suggests that the relevant standard for disability under the insurance policy was plaintiff's inability to perform his job as a semi-truck driver. (A.R. 307; *see* A.R. 31). The standard for establishing disability under the Social Security Act is significantly higher. The Act defines disability as the "inability to engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added).

on his claims for social security benefits. (A.R. 79-80). On August 15, 2008, plaintiff's attorney filed a pre-hearing memorandum asking the ALJ to find plaintiff disabled as of the amended onset date of August 22, 2007. (A.R. 152).

On August 19, 2008, plaintiff received an administrative hearing, at which he was represented by counsel. Plaintiff was present when his attorney stated that plaintiff was asserting an amended onset of disability date of August 22, 2007. (A.R. 32). Plaintiff voiced no objection.[6] The ALJ stated that he was granting plaintiff's motion to amend the alleged onset date, and that he would be issuing a decision finding that plaintiff was disabled on and after August 22, 2007. (A.R. 33-34). Again, plaintiff remained silent. It is pellucid that plaintiff knew about the amended onset of disability date and elected to do nothing. Plaintiff is bound by the acts and omissions of his chosen legal representative.[7] *See Kellum v. Commissioner*, 295 F. App'x 47, 50 (6th Cir. 2008); *see also Link v. Wabash R. R. Co.*, 370 U.S. 626, 633-34 (1962); *Zabala v. Astrue*, 595 F.3d 402, 408-09 (2d Cir. 2010). Plaintiff abandoned[8] any claim that he was disabled before August 22, 2007.

---

[6] Plaintiff did not have an auditory or mental impairment that would have prevented him from hearing or understanding what his attorney and the ALJ said. Plaintiff has a "four year degree in criminal justice with a minor in sociology" from Eastern Michigan University. (A.R. 29-30).

[7] Plaintiff's belated expressions of dissatisfaction with his former attorney's actions are not relevant to any issue before this court. It is appropriate to note that plaintiff began to express his dissatisfaction with Attorney Lee-Kaniowski's work about the time she would have received payment for her services out of plaintiff's award of past due DIB and SSI benefits. (A.R. 10, 55, 79-80, 158).

[8] Defendant is correct that plaintiff "cannot now go back on his election." (Def. Brief at 4). However, defendant's argument that plaintiff's claims should be dismissed for lack of exhaustion of administrative remedies is not well taken. Plaintiff initially claimed a July 12, 2006 onset of disability, but at the administrative hearing stage abandoned all claims for DIB and SSI benefits before August 22, 2007. The ALJ's decision is a decision on the merits of the abandoned claims, and administrative *res judicata* would bar any subsequent attempt to "exhaust" plaintiff's administrative remedies. *See Drummond v. Commissioner*, 126 F.3d 837, 841 (6th Cir. 1997); *see*

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion to remand this case to the Commissioner under sentence six of 42 U.S.C. § 405(g) be denied. I further recommend that the Commissioner's decision be affirmed.


Dated:  June 9, 2011	/s/  Joseph G. Scoville
	United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).

---

*also Valdes v. Commissioner*, No. 1:08-cv-872, 2010 WL 911181, at * 4 n.1 (W.D. Mich. Mar. 12, 2010).